1  BOTTINI & BOTTINI, INC.
   Francis A. Bottini, Jr. (SBN 175783)
2  Yury A. Kolesnikov (SBN 271173)
   7817 Ivanhoe Avenue, Suite 102
3  La Jolla, California 92037
   Telephone:    (858) 914-2001
4  Facsimile:    (858) 914-2002
   Email:        fbottini@bottinilaw.com
5                ykolesnikov@bottinilaw.com

6  *Attorneys for Plaintiff Natalie Ocegueda in*
   *Ocegueda v. Zuckerberg, No. 18-cv-1893-VC*
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11 | LAUREN PRICE, individually and on | ) | Case No. 18-cv-1732-VC |
12 | behalf of all others similarly situated, | ) | **Plaintiff Natalie Ocegueda's** |
13 | Plaintiff, | ) | **Administrative Motion to Consider Whether Cases Should Be Related** |
   | vs. | ) | |
14 | | ) | (Civil L.R. 3-12(b) and 7-11) |
15 | FACEBOOK, INC. and CAMBRIDGE ANALYTICA, | ) | The Honorable Vince Chhabria |
16 | Defendants. | ) | |

17

18

19

20

21

22

23

24

25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3-12(b) and Rule 7-11 of the Civil Local Rules, plaintiff Natalie Ocegueda in *Ocegueda v. Zuckerberg*, No. 18-cv-1893-VC, respectfully moves the Court to consider whether the Consumer Class Actions (all of which have been assigned to this Court's calendar)[1] are related to her action (*Ocegueda*, which has also been assigned to this Court's calendar), as well as four other shareholder derivative actions brought in this District on behalf of nominal defendant Facebook, Inc. ("Facebook"):

- *Hallisey v. Zuckerberg*, No. 18-cv-1792-HSG (commenced March 22, 2018);

- *Martin v. Zuckerberg*, No. 18-cv-1834-DMR (commenced March 23, 2018);

- *Karon v. Facebook, Inc.*, No. 18-cv-1929-EJD (commenced March 29, 2018); and

- *Gloria Stricklin Trust v. Zuckerberg*, No. 18-cv-2011-JSC (commenced April 2, 2018)

(collectively, together with *Ocegueda*, the "Shareholder Derivative Actions"). In support of her administrative motion, Ms. Ocegueda submits the accompanying Declaration of Francis A. Bottini, Jr. and proposed order, and states as follows:

1.      Under Civil Local Rule 3-12, actions are related when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different [j]udges." CIV. L.R. 3-12(a).

2.      On March 22, 2018, the *Price* action — the first of the Consumer Class Actions — was assigned to this Court's calendar. *See* Dkt. No. 10.

---

[1] By order dated April 6, 2018, the Court found that the first-filed *Price* action — commenced on March 20, 2018 — is related to the following five consumer class actions (collectively, together with *Price*, the "Consumer Class Actions"): *Beiner v. Facebook, Inc.*, No. 18-cv-1953; *Rubin v. Facebook, Inc.*, No. 18-cv-1852; *Gennock v. Facebook, Inc.*, No. 18-cv-1891; *O'Kelly v. Facebook, Inc.*, No. 18-cv-1915; and *Haslinger v. Facebook, Inc.*, No. 18-cv-1984. *See* Dkt. No. 27 (all references to docket entries refer to the docket of the *Price* action).

3.      On April 2, 2018, plaintiffs in *Beiner* moved under Civil Local Rule 3-12(b) to consider whether the Consumer Class Actions are related because they:

(a)      involve the same or similar parties, *i.e.*, Facebook users as plaintiffs, defendant Facebook, and defendant Cambridge Analytica, LLC ("Cambridge"); and

(b)      arise from "the massive unauthorized exfiltration of Facebook user data for use by [Cambridge] for 'psychometric' targeted advertising during the 2016 presidential election campaign."

*See* Dkt. No. 15 at 2. Specifically, plaintiffs in the Consumer Class Actions allege that Facebook and Cambridge violated various state and federal statutes and common law by causing the exfiltration and misuse of the Facebook user data. *See id.* The *Beiner* plaintiffs' administrative motion was unopposed, and was supported by plaintiff in *Rubin* (the second-filed Consumer Class Action). *See* Dkt. No. 16.

4.      On April 6, 2018, the Court granted the *Beiner* plaintiffs' administrative motion, finding that the Consumer Class Actions are related. *See* Dkt. No. 27. The Court accepted the assignment of *Rubin*, *Gennock*, *O'Kelly*, *Beiner*, and *Haslinger*. *See id.*

5.      Consistent with the Court's April 6, 2018 order, the Shareholder Derivative Actions — *Hallisey*, *Martin*, *Ocegueda*, *Karon*, and *Gloria Stricklin Trust* — are related to the Consumer Class Actions because all of these actions:

(a)      involve some of the same parties, *i.e.*, shareholders and users of Facebook as derivative plaintiffs and Facebook as nominal defendant in the Shareholder Derivative Actions; and

(b)      arise from some of the same underlying events and transactions, including the massive unauthorized exfiltration of Facebook user data for illegal use by Cambridge during the 2016 presidential election.

Like the Consumer Class Actions, the Shareholder Derivative Actions seek remedies, including damages and injunctive relief, for Facebook's deficient data-securities policies

and practices that led to the massive security breaches of user data, including Cambridge's exfiltration of Facebook user data. *See Hallisey* Compl. ¶¶ 1–26; *Martin* Compl. ¶¶ 1–18; *Ocegueda* Compl. ¶¶ 1–16; *Karon* Compl. 1–26; *Gloria Stricklin Trust* Compl. ¶¶ 1–16. More specifically, Ms. Ocegueda — both a shareholder and user of Facebook — seeks declaratory and injunctive relief regarding Facebook's obligation to notify its users of the data breaches. *See Ocegueda* Compl. ¶¶ 212–24. The complaints in *Price*, as well as in the other Consumer Class Actions, seek similar declaratory and injunctive relief. *See, e.g.*, Dkt. No. 1 ¶¶ 32, 41, 46.

6.   Because the Shareholder Derivative Actions and the Consumer Class Actions "concern substantially the same parties, property, transaction or event," these actions are related within the meaning of Civil Local Rule 3-12(a)(1). As a result, assignment of all Shareholder Derivative Actions, including *Hallisey*, *Martin*, *Karon*, and *Gloria Stricklin Trust*, to this Court's calendar will promote efficiency and judicial economy and will avoid "unduly burdensome duplication of labor and expense or conflicting results." Civ. L.R. 3-12(a)(2).

7.   Re-assignment of *Hallisey*, *Martin*, *Karon*, and *Gloria Stricklin Trust* to this Court's calendar is particularly appropriate because:

(a)   *Ocegueda* has already been assigned to *this Court's calendar*;

(b)   on April 6, 2018, Ms. Ocegueda moved for *ex parte* relief *in this Court*, seeking expedited discovery or, in the alternative, an order setting a status conference (*see Ocegueda* Dkt. No. 20); and

(c)   *Hallisey*, *Martin*, *Karon*, and *Gloria Stricklin Trust* are in their infancy, and the judges presiding over those cases have not made any rulings.

Accordingly, the Court should grant Ms. Ocegueda's administrative motion and issue the accompanying proposed order holding that:

(1)    the Shareholder Derivative Actions (*Hallisey*, *Martin*, *Ocegueda*, *Karon*, and *Gloria Stricklin Trust*) are related to the Consumer Class Actions (*Price*, *Rubin*, *Gennock*, *O'Kelly*, *Beiner*, and *Haslinger*) under Civil Local Rule 3-12(a); and

(2)    the following four Shareholder Derivative Actions — *Hallisey* (No. 18-cv-1792-HSG), *Martin* (No. 18-cv-1834-DMR), *Karon* (No. 18-cv-1929-EJD), and *Gloria Stricklin Trust* (18-cv-2011-JSC) — should be assigned to this Court's calendar under Civil Local Rule 3-12(f).

Dated: April 9, 2018

Respectfully submitted,

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
Yury A. Kolesnikov (SBN 271173)

s/ Francis A. Bottini, Jr.
Francis A. Bottini, Jr.

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:   (858) 914-2001
Facsimile:    (858) 914-2002
Email:       fbottini@bottinilaw.com
             ykolesnikov@bottinilaw.com

*Attorneys for Plaintiff Natalie Ocegueda in*
*Ocegueda v. Zuckerberg, No. 18-cv-1893-VC*