**JOSEPH W. COTCHETT (SBN 36324)**
jcotchett@cpmlegal.com
**MARK C. MOLUMPHY (SBN 168009)**
mmolumphy@cpmlegal.com
**GINA STASSI (SBN 261263)**
gstassi@cpmlegal.com
**STEPHANIE D. BIEHL (SBN 306377)**
sbiehl@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Plaintiff Jeremiah F. Hallisey in*
*Hallisey v. Zuckerberg, et al.*, No. 18-cv-1792-HSG

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAUREN PRICE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FACEBOOK, INC. and CAMBRIDGE ANALYTICA,<br><br>Defendants. | Case No: 5:18-cv-1732-VC<br><br>**PLAINTIFF JEREMIAH F. HALLISEY'S RESPONSE IN SUPPORT OF PLAINTIFF NATALIE OCEGUEDA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. Vince Chhabria |

**PLAINTIFF HALLISEY'S RESPONSE IN SUPPORT OF PLAINTIFF OCEGUEDA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; No. 18-cv-1732-VC**

LAW OFFICES OF COTCHETT, PITRE & McCARTHY, LLP

Pursuant to Rule 3-12(e) and Rule 7-11(b) of the Civil Local Rules, plaintiff Jeremiah F. Hallisey, who filed a shareholder derivative action on behalf of Facebook, Inc. ("Facebook"), styled *Hallisey v. Zuckerberg, et al.*, No. 18-cv-1792-HSG (filed March 22, 2018), respectfully submits this response in support of Plaintiff Natalie Ocegueda's Administrative Motion to Consider Whether Cases Should Be Related to the consumer class actions that have been assigned to this Court's calendar and related to the above-captioned case pursuant to the Court's order dated April 6, 2018 (the "Consumer Class Actions"), and to the other shareholder derivative actions on behalf of Facebook that are currently pending in this District (the "Derivative Actions"), including:

| Case Name | Case No. | Judicial Assignment |
|---|---|---|
| **Consumer Class Actions** | | |
| *Rubin v. Facebook, Inc.* | 18-cv-1852-VC | Hon. Vince Chhabria (San Francisco) |
| *Gennock v. Facebook, Inc.* | 18-cv-1891-VC | |
| *Beiner v. Facebook, Inc.* | 18-cv-1953-VC | |
| *O'Kelly v. Facebook, Inc.* | 18-cv-1915-VC | |
| *Haslinger v. Facebook, Inc.* | 18-cv-1984-VC | |
| **Derivative Actions** | | |
| *Hallisey v. Zuckerberg, et al.* | 18-cv-1792-HSG | Hon. Haywood S. Gilliam (Oakland) |
| *Martin v. Zuckerberg, et al.* | 18-cv-1834-WHA | Hon. William H. Alsup (San Francisco) |
| *Ocegueda v. Zuckerberg, et al.* | 18-cv-1893-VC | Hon. Vince Chhabria (San Francisco) |
| *Karon v. Zuckerberg, et al.* | 18-cv-1929-EJD | Hon. Edward J. Davila (San Jose) |
| *Stricklin Trust v. Zuckerberg, et al.* | 18-cv-2011-JSC | Hon. Jacqueline S. Corley (San Francisco) |

Each of the above-referenced Consumer Class Actions and Derivative Actions involves substantially the same parties and subject matter and should be related because it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. *See* L.R. 3-12(a). All of the Consumer Class Actions and Derivative Actions involve the same defendant (or nominal defendant) – Facebook – and arise from substantially similar events. In particular, all of the Consumer Class Actions and Derivative Actions allege that Facebook's platform, policies, and/or business practices improperly allowed third parties to access the personal data of millions of Facebook users without their consent, which enabled Cambridge Analytica to utilize illicitly-obtained personal information of at least 50 million Facebook users to target voters online before the U.S. election in 2016. *See, e.g.*,

LAW OFFICES OF
COTCHETT, PITRE
& MCCARTHY, LLP

**PLAINTIFF HALLISEY'S RESPONSE IN SUPPORT OF PLAINTIFF OCEGUEDA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; No. 18-cv-1732-VC**

1

Dkt. No. 1 ("*Price* Complaint"), ¶¶4, 10, 15, 22; *Hallisey v. Zuckerberg et al.*, No. 18-cv-1792-HSG, Dkt. No. 1 ("*Hallisey* Complaint"), ¶¶3-8, 19-22, 26, 52-64. After the leak was revealed, the U.S. Federal Trade Commission ("FTC") began investigating potential violations of the consent order entered against Facebook in 2011 concerning similar user privacy and data security issues, and the company has become the subject of numerous government investigations and other lawsuits, including the Consumer Class Actions and the Derivative Actions. *Price* Complaint, ¶21; *Hallisey* Complaint, ¶¶81-84, 98-106. Because all of the Consumer Class Actions and Derivative Actions involve similar factual issues, there will be substantial overlap with respect to discovery. Relating the Consumer Class Actions to the Derivative Actions and proceeding in front of a single judge will assist in the most just and efficient resolution of these cases, because it will allow the parties to coordinate discovery between the cases, and this, in turn, will reduce the burden on Facebook of having to respond to similar discovery requests in multiple actions.

In addition, the Consumer Class Actions and Derivative Actions involve some similar legal issues, such as whether Facebook violated various state and federal statutes by causing the exfiltration and misuse of Facebook user data. The Derivative Actions and the Consumer Class Actions also seek similar relief, including damages and injunctive relief concerning Facebook's deficient data security practices and policies that allowed Cambridge Analytica to obtain Facebook users' data. *See, e.g.*, *Price* Complaint, ¶¶32, 41, 46; *Hallisey* Complaint, ¶¶1-26; Prayer for Relief. Further, all of the Derivative Actions are brought for Facebook's benefit and involve substantially similar legal issues concerning whether plaintiffs have satisfied the demand requirement and may proceed derivatively on its behalf. Accordingly, there will be substantial overlap with respect to the legal issues in the Derivative Actions, and there is a significant risk of conflicting rulings on issues that that are common in all Derivative Actions, such as demand futility. All plaintiffs in the Derivative Actions agree that the cases should be related,[1] and relating

---

[1] On March 23, 2018, the plaintiff in *Martin* filed along with its complaint a Civil Cover Sheet stating that the case is related to the derivative action then pending in this District (*Hallisey v. Zuckerberg, et al.*, No. 18-cv-1792-HSG); on April 2, 2018, the plaintiff in *Stricklin Trust* filed along with its complaint a Civil Cover Sheet stating that that the case is related to the other Derivative Actions; and on April 6, 2018, the plaintiff in *Karon* filed an Administrative Motion to

LAW OFFICES OF COTCHETT, PITRE & MCCARTHY, LLP

PLAINTIFF HALLISEY'S RESPONSE IN SUPPORT OF PLAINTIFF OCEGUEDA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; No. 18-cv-1732-VC

2

the Derivative Actions to each other and to the Consumer Class Actions, and proceeding in front of a single judge, will avoid the risk of conflicting rulings on important legal issues that are common in all of the Derivative Actions.[2]

For the foregoing reasons, the Consumer Class Actions and the Derivative Actions should be related because it will prevent the risk of conflicting rulings and duplication, expense, and waste of judicial (and company) resources that would inherently result from proceeding separately in front of different judges.

Dated: April 10, 2018                                   **COTCHETT, PITRE & McCARTHY, LLP**

                                                         /s/ Mark C. Molumphy
                                                        **MARK C. MOLUMPHY**

                                                        *Attorneys for Plaintiff Jeremiah F. Hallisey*

---

Consider Whether Cases Are Related in the low-numbered derivative action (*Hallisey*, No. 18-cv-1792-HSG, Dkt. No. 20), stating that the Derivative Actions should be related.

[2] Judge Davila has already ordered that two of the Derivative Actions, *Hallisey* and *Ocegueda* are not related to the federal securities fraud class action pending in this District, *Yuan v. Facebook, Inc.*, No. 18-cv-1725-EJD. *See Yuan v. Facebook, Inc. et al.*, No. 18-cv-1725-EJD, Dkt. No. 13.

LAW OFFICES OF COTCHETT, PITRE & McCARTHY, LLP

**PLAINTIFF HALLISEY'S RESPONSE IN SUPPORT OF PLAINTIFF OCEGUEDA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; No. 18-cv-1732-VC**     3