| | |
|---|---|
| Orin Snyder (*pro hac vice*)<br>osnyder@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035 | Joshua S. Lipshutz (SBN 242557)<br>jlipshutz@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539 |

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JEREMIAH F. HALLISEY,<br><br>Plaintiff, derivatively on behalf of<br><br>FACEBOOK, INC., a Delaware Corporation,<br><br>Nominal Defendant<br><br>v.<br><br>MARK ZUCKERBERG, SHERYL K. SANDBERG, MARC L. ANDREESSEN, PETER A. THIEL, REED HASTINGS, ERSKINE B. BOWLES, SUSAN D. DESMOND-HELLMAN, and JAN KOUM,<br><br>Defendants. | **DEFENDANT FACEBOOK, INC.'S RESPONSE TO ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>CASE NO. 4:18-CV-01792-HSG<br><br>Judge: Hon. Haywood S. Gilliam<br>Action Filed: March 22, 2018 |
| LAUREN PRICE on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.; and CAMBRIDGE ANALYTICA, LLC,<br><br>Defendants. | CASE NO. 3:18-CV-01732-VC<br><br>Judge: Hon. Vince Chhabria<br>Action Filed: March 20, 2018 |

## I.  INTRODUCTION

Facebook submits this response to two administrative motions concerning the relatedness of various lawsuits involving Facebook, Inc. ("Facebook") and the misappropriation of Facebook user data by Cambridge Analytica. Facebook agrees that the five derivative cases pending in this district (the "Derivative Actions")[1]—all of which were filed by Facebook shareholders purportedly *on behalf of* Facebook—should be deemed related to one another and assigned to the judge presiding over the first-filed derivative case (the *Hallisey* case). The Derivative Actions meet the substantial similarity test for relatedness under Local Civil Rule 3-12(a) because they assert the same theory of liability based on the same core allegations, and assert almost identical causes of action.

The Derivative Actions, however, should *not* be deemed related to the six consumer class actions filed by Facebook users *against* Facebook in this district (the "Consumer Actions").[2] Unlike the Derivative Actions, which allegedly are brought on behalf of Facebook, the Consumer Actions name Facebook as a defendant against which the purported class of Facebook users seeks recovery. As compared to the Derivative Actions, the Consumer Actions assert different claims, against different defendants, based on different theories of liability. Given these differences, the mere fact that both sets of cases involve allegations related to Cambridge Analytica's misuse of Facebook user data does not render these cases related under Local Civil Rule 3-12(a). Indeed, Judge Edward J. Davila recently denied the *Hallisey* Plaintiff's request to relate the Derivative Actions with another set of actions asserting claims against Facebook and certain of its officers under federal securities laws related to Cambridge Analytica's misconduct (the "Securities Actions").[3] The same result should apply here.

The Consumer Actions also are the subject of an MDL motion that seeks to consolidate all consumer class actions filed in courts across the country related to the misuse of Facebook user data

---

[1] The "Derivative Actions" are *Hallisey v. Zuckerberg*, 18-cv-1792-HSG; *Martin v. Zuckerberg*, No. 18-cv-1834-DMR; *Ocegueda v. Zuckerberg*, 18-cv-1893-VC; *Karon v. Zuckerberg*, 18-cv-1929-EJD; and *Gloria Stricklin Trust v. Zuckerberg*, No. 18-cv-2011-JDC.

[2] The "Consumer Class Actions" are *Price v. Facebook, Inc.*, 18-cv-1732; *Beiner v. Facebook, Inc.*, 18-cv-1953; *Rubin v. Facebook, Inc.*, 18-cv-1852; *Gennock v. Facebook, Inc.*, 18-cv-1891; *O'Kelly v. Facebook, Inc.*, 18-cv-1915; and *Haslinger v. Facebook, Inc.*, 18-cv-1984. These six case have been related to one another and assigned to the judge presiding over the first-filed consumer case (the *Price* case).

[3] The "Securities Actions" are *Yuan v. Facebook, Inc.*, 18-cv-1725; *Casey v. Facebook, Inc.*, 18-cv-1780; and *Ernestine v. Facebook, Inc.*, 18-cv-1868.

by Cambridge Analytica—presently seventeen different cases in seven judicial districts. Thus, the Consumer Actions may be reassigned to a different judge, depending upon the ruling of the MDL panel. The Derivative Actions may also move to a different judge in a different court altogether, given that Facebook's charter includes a provision that, if invoked by Facebook, designates the Delaware Court of Chancery as the exclusive forum to adjudicate any shareholder derivative claim brought on Facebook's behalf. These considerations further undermine any theoretical efficiencies that otherwise might be implicated by relating the different sets of cases.

For these reasons, Facebook requests that (i) the Court overseeing the *Hallisey* derivative case grant the administrative motion filed in *Hallisey* deeming the various Derivative Actions related to each other, and (ii) the Court overseeing the Consumer Actions deny the administrative motion filed in the *Price* case requesting that the Derivative Actions be deemed related to the Consumer Actions.

## II.   BACKGROUND

During the past three weeks, various civil cases involving Facebook relating to the misuse of user data by Cambridge Analytica were filed in courts throughout the country. The actions fall into three categories: (1) the five Derivative Actions, all filed in the Northern District of California; (2) the three Securities Actions, also all filed in the Northern District of California; and (3) seventeen consumer class actions brought by Facebook accountholders under various federal and state law theories, pending in seven different districts, including the Northern District of California.

On March 23, 2018—one day after filing his complaint—the *Hallisey* Plaintiff filed an administrative motion to relate his derivative action with the Securities Actions. This motion was filed in one of the Securities Actions pending before Judge Davila, *Yuan v. Facebook, Inc.*, No. 5:18-cv-1725. *Yuan*, Dkt. 6. On March 29, 2018, the *Ocegueda* Plaintiff filed a similar motion to relate her derivative action before Judge Davila. *Id.*, Dkt. 7. Judge Davila denied both motions on March 30, 2018, and April 3, 2018, respectively, concluding that neither *Hallisey* nor *Ocegueda* was related to the Securities Actions. *Id.*, Dkts. 8, 13.

On April 6, 2018, the Plaintiff in one of the derivative actions submitted in the first-filed derivative action, *Hallisey v. Zuckerberg*, 4:18-cv-01792-HSG, an administrative motion for the Court to consider whether to relate the four other derivative actions pending in this district to the

*Hallisey* action. *Id.* Dkt. 20.

On April 6, 2018, Judge Chhabria granted an administrative motion filed in *Price v. Facebook, Inc.*, 3:18-CV-01732-VC, Dkt. 27, to have five separate consumer class actions pending in this district related to the low-numbered *Price* case. These cases, along with another eleven cases pending in courts across the country, are the subject of a pending motion to establish an MDL proceeding.

On April 8, 2018, Plaintiff in the *Ocegueda* derivative action filed an administrative motion in the *Price* consumer action, asking the Court to consider whether the Derivative Actions should be deemed related to the six Consumer Actions now pending before Judge Chhabria.

### III.   ARGUMENT

Under Civil Local Rule 3-12(a), the district court may relate cases only if the party seeking relation demonstrates that (1) "[t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. L.R. 3-12(a) (emphasis added). Here, the Derivative Actions should be deemed related to each other, but not deemed related to the Consumer Actions.

**A.   The Derivative Actions Are Virtually Identical To One Another And Should Be Deemed Related**

There is no dispute among the parties that the Derivative Actions are related. Each of the Derivative Actions is brought purportedly on behalf of Facebook and names as defendants the identical eight members of Facebook's Board of Directors. The Derivative Actions each assert virtually the same causes of action based on the same core allegations, and each purports to allege that the plaintiff in each case should be excused from the requirement of making a demand on the Board of Directors prior to initiating their lawsuit. The same threshold issues arise in each of the Derivative Actions, including the applicability of an exclusive forum provision in Facebook's charter that requires all derivative claims to be litigated in the Delaware Court of Chancery, as well as the adequacy of plaintiffs' demand futility allegations. Given the substantial overlap in parties, claims, theories, and issues to be litigated, the Derivative Actions are related, and should be deemed related by Judge Gilliam, who was assigned to the lowest numbered derivative case (the *Hallisey* case). *See* N.D. Cal.

L.R. 3-12(a), (f) ("the Judge in this District who is assigned the lowest-numbered case will decide if the cases are or are not related").

### B. The Derivative Actions Are Not Sufficiently Similar To The Consumer Actions To Be Deemed Related

In contrast, the Derivative Actions and the Consumer Actions involve different parties, different issues, and different theories of liability, and thus should not be deemed related.

Perhaps most importantly, the plaintiffs and the defendants are completely different: The Consumer Actions are brought by plaintiffs "who registered for Facebook accounts" (*Price*, Dkt. 1 ¶ 24), against defendants Facebook and Cambridge Analytica, whereas the Derivative Actions are brought by shareholders on *behalf* of Facebook against a group of individual Facebook board members (Mark Zuckerberg, Sheryl Sandberg, Marc Andreessen, Peter Thiel, Reed Hastings, Erskine Bowles, Susan Desmond-Hellmann, and Jan Koum). *See Ocegueda*, Dkt. 1 ¶¶ 21-32. In the Consumer Actions, Facebook is the defendant charged with allegedly failing to prevent improper data aggregation by a third party. In contrast, in the Derivative Actions, plaintiffs bring the action on behalf of Facebook, alleging that Facebook itself was harmed when the Company's Board supposedly failed to cause Facebook to maintain an adequate system of internal controls. Given the different parties, different issues presented, different relief sought, and different theories of liability between the two sets of cases, there can be no relation under Civil Local Rule 3-12(a). *See Hodges v. Akeena Solar, Inc.*, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010) (denying motion to relate derivative cases to non-derivative cases even though "the two actions concern substantially the same transaction and events"). And to the extent there is some overlap between Facebook shareholders and the proposed classes of Facebook consumers, as Plaintiff vaguely suggests (Dkt. 29 ¶ 5(a)), that fortuity would not render the cases sufficiently similar under Rule 3-12(a). *See Adobe Sys. Inc. v. A&S Elecs., Inc.*, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) (denying motion with "minor overlap between the parties"); *Ortiz v. CVS Caremark Corp.*, 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013) (denying motion because "the limited overlap of some class members is not enough to reach the 'substantial similarity' threshold" of Rule 3-12).

Nor is there sufficient overlap between the transactions and events at issue. Although both the

Consumer Actions and the Derivative Actions generally relate to Cambridge Analytica and whether Facebook user data was improperly collected and used, the cases involve different causes of actions, theories of liability, and proposed remedies. *See Adobe*, 2016 WL 9105173 at *2 (denying relation motion because "the claims are different"); *Univ. of Cal. v. Eli Lilly & Co.*, 1991 WL 332056, at *10 (N.D. Cal. Nov. 4, 1991) (denying motion to relate cases with "several common elements" because they "involve[d] two different patents and two different products"); *Fed'n of Fisherman's Ass'n v. Locke*, 2011 WL 289927, at *2 (N.D. Cal. Jan. 27, 2011) (denying motion where "both cases involve the same defendants and identical administrative records" but "the claims in the two suits are of a different nature [and] different parts of the administrative record and amendments are relevant to each case"). Indeed, the factual overlap between the Consumer Actions and the Derivative Actions is similar to the overlap between the Derivative Actions and the Securities Actions, yet Judge Davila concluded that those actions were not related. For these reasons, the Consumer Actions and Derivative Actions are not "substantially" similar under Civil Local Rule 3-12(a), and should not be deemed related.

**C. Keeping the Derivative Actions And Consumer Actions Separate Would Not Result In Undue Duplication Or Conflicting Results**

Declining to relate the Derivative Actions and Consumer Actions will not result in "unduly burdensome duplication of labor and expense or conflicting results." N.D. Cal. L.R. 3-12(a). Given the different types of cases and theories of liability between the two sets of cases—one brought for the benefit of Facebook and the other brought against Facebook—there is no risk of duplication or conflicting results if the cases proceed before different judges. Indeed, in all likelihood the derivative and consumer cases will proceed separately regardless of relation. The Consumer Actions are among the seventeen cases from across the country that are the subject of a motion before the MDL panel to have the cases sent to a single judge. And given the exclusive venue provision in the Facebook charter, the Derivative cases may not ultimately proceed in this District. Under these circumstances, relating the Consumer and Derivative Actions would not create meaningful efficiencies.

## IV.   CONCLUSION

For these reasons, the *Hallisey* motion to relate the Derivative Actions should be granted, and the *Price* motion to relate the Derivative Actions to the Consumer Actions should be denied.

Date:  April 12, 2018

                        Respectfully submitted,

                        GIBSON, DUNN & CRUTCHER LLP

                        By:      /s/ Orin Snyder
                                Orin Snyder
                                200 Park Avenue
                                New York, N.Y. 10166
                                Tel: 212.351.2400
                                Fax: 212.351.6335
                                osnyder@gibsondunn.com

                                Joshua S. Lipshutz
                                1050 Connecticut Avenue, N.W.
                                Washington, D.C. 20036
                                Tel: 202.955.8217
                                Fax: 202.530.9614
                                jlipshutz@gibsondunn.com

                                Kristin A. Linsley
                                Brian M. Lutz
                                555 Mission Street
                                Suite 3000
                                San Francisco, CA 94105
                                Tel: 415.393.8379
                                Fax: 415.374.8474
                                klinsley@gibsondunn.com
                                blutz@gibsondunn.com

                        *Attorneys for Defendant Facebook, Inc.*