| | | |
|---|---|---|
| 1 | Michael W. Sobol (State Bar No. 194857)<br>msobol@lchb.com | Hank Bates (State Bar No. 167688)<br>hbates@cbplaw.com |
| 2 | David T. Rudolph (State Bar No. 233457)<br>drudolph@lchb.com | Allen Carney<br>acarney@cbplaw.com |
| 3 | Melissa Gardner (State Bar No. 289096)<br>mgardner@lchb.com | David Slade<br>dslade@cbplaw.com |
| 4 | LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP | CARNEY BATES & PULLIAM, PLLC<br>519 West 7th Street |
| 5 | 275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339 | Little Rock, AR 72201<br>Telephone: 501.312.8500 |
| 6 | Telephone: 415.956.1000<br>Facsimile: 415.956.1008 | Facsimile: 501.312.8505 |

Nicholas Diamand
ndiamand@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592

*Attorneys for Plaintiffs Theresa Beiner and Brandon Haubert in Beiner, et al v. Facebook, Inc., et al., No. 3:18-CV-1953*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LAUREN PRICE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., and CAMBRIDGE ANALYTICA, LLC,<br><br>Defendants. | **CASE NO. 3:18-CV-01732-VC**<br><br>**PLAINTIFFS THERESA BEINER AND BRANDON HAUBERT'S RESPONSE IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Local Rules 3-12(e) and 7-11(b), Plaintiffs Theresa Beiner and Brandon Haubert ("Beiner Plaintiffs"), named plaintiffs in the consumer class action against Facebook, Inc. styled *Beiner, et al. v. Facebook, Inc., et al.*, No. 18-CV-01953-VC (N.D. Cal.) submit this response in support of Plaintiff Natalie Ocegueda's Administrative Motion to Consider Whether Cases Should be Related. (ECF No. 29). Specifically, the Beiner Plaintiffs agree that the consumer class actions already related by this Court ("Consumer Cases")[1] be related to the shareholder derivative actions brought on behalf of Facebook ("Derivative Cases")[2] currently pending in this District.

## I.     ARGUMENT

Consistent with the standard set forth under Local Rule 3-12(a), the Consumer Cases and Derivative Cases "concern substantially the same parties, property, transaction or event" and it is "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Accordingly, relating the litigations is proper and in the best interest of judicial economy and consistency across litigations.

### A.     The Consumer Cases and Derivative Cases arise from the same operative facts.

Both the Consumer Cases and Derivative Cases involve Facebook as a defendant or nominal defendant, and the challenged conduct at the core of all cases arises from the same set of facts—namely that, through its platform functionality and through specific decisions on the part of Facebook's leadership, Facebook improperly allowed third party developers to siphon users' personal data without their consent, and that this functionality was exploited by the political firm Cambridge Analytica to profile and target voters during the 2016 U.S. Presidential Election. *See, e.g., Beiner* Compl., No. 18-cv-1953-VC (N.D. Cal.) (ECF No. 1) at ¶¶ 21-52 *Hallisey* Compl.,

---

[1] The Consumer Cases, which are all presently related before this Court, are as follows: *Beiner v. Facebook, Inc.*, No. 18-cv-1953-VC (N.D. Cal.); *Gennock v. Facebook, Inc.*, No. 18-cv-1891-VC (N.D. Cal.); *Haslinger v. Facebook, Inc.*, No. 18-cv-1984-VC (N.D. Cal.); *O'Kelly v. Facebook, Inc.*, No. 18-cv-1915-VC (N.D. Cal.); and *Rubin v. Facebook, Inc.*, No. 18-cv-1852-VC (N.D. Cal.).

[2] The Derivative Cases are as follows: *Hallisey v. Zuckerberg, et al.*, No. 18-cv-1792-HSG (N.D. Cal.); *Karon v. Zuckerberg, et al.*, No. 18-cv-1929-EJD (N.D. Cal.); *Martin v. Zuckerberg, et al.*, No. 18-cv-1834-WHA (N.D. Cal.); *Ocegueda v. Facebook, et al.*, No. 18-cv-1893-VC (N.D. Cal.); and *Stricklin Trust v. Zuckerberg*, No. 18-cv-2011-JSC (N.D. Cal.).

No. 18-cv-1792-HSG (N.D. Cal.) (ECF No. 1) at ¶¶ 1-26.  Indeed, parties and facts overlap across the Consumer Cases and the Derivative Cases regardless of the legal theories posited in the respective actions: a critical inquiry in both litigations will be Facebook's data-handling policies and procedures, as well as the development and implementation of same.  Thus, it is highly likely that the discovery sought will be substantially similar across litigations.  Accordingly, relating the Consumer Cases and Derivative Cases would substantially decrease the likelihood of burdensome duplication of labor and expense.

**B.     Critical issues in both the Consumer Cases and Derivative Cases rest on whether Facebook's actions violated state and federal laws.**

Moreover, while the remedies sought in the Consumer Cases and Derivative Cases may be different (with the former seeking injunctive relief and damages on behalf of consumers and the latter seeking damages on behalf of Facebook), both litigations involve the question of whether Facebook's conduct violated certain state and federal statutes.  Consolidating rulings on these issues in front of the same court will ward off conflicting results.

**C.     Facebook's Arguments in Opposition to Consolidation are Speculative and Do Not Meaningfully Support Upsetting the Standard Set Forth in Local Rule 3-12(a).**

In opposition to relating the Consumer Cases and the Derivative Cases, Facebook argues that, due to variances in the relationship of parties and in the legal theories set forth across complaints in the respective litigations, relating the cases would not be efficient.  *See* Defendant Facebook, Inc.'s Response to Administrative Motions to Consider Whether Cases Should Be Related ("Facebook Opp.") (ECF No. 34).  However, this ignores the fact that, as set forth above, *all* complaints in *all* cases revolve around allegations arising from Facebook's data-handling practices and Cambridge Analytica's resulting unauthorized acquisition and misuse of tens of millions of users' personal information.  *See,* Section I.A, *infra.* Moreover, all cases will require a determination of whether that conduct violated the law.  *Id.* at I.B.

Facebook additionally argues that the Consumer Cases may be sent to a different district and that the Derivative Cases may be transferred to a different venue. Facebook Opp. at 1-2, 5.  However, Facebook's argument against relating cases before a single court based upon uncertain

future events is not only speculative, it is also belied Facebook's own actions, to date. Facebook already does not contest the propriety of relating the Consumer Cases. *See, generally,* Facebook Opp. Further, Facebook is actively seeking to relate the Derivative Cases before a single court. *Id*.

## II. CONCLUSION

For the foregoing reasons, the Consumer Cases and the Derivative Cases should be related.

DATED: April 13, 2018         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/     Michael W. Sobol*
     Michael W. Sobol

Michael W. Sobol (State Bar No. 194857)
David T. Rudolph (State Bar No. 233457)
Melissa Gardner (State Bar No. 289096)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Attorneys for Plaintiffs Theresa Beiner and Brandon Haubert*